■ DONOUGH LAWLOR, Respondent, v KATHLEEN McAULIFFE, Appellant. [58 NYS3d 363]—

Order, Supreme Court, Bronx County (La Tia W. Martin, J.), entered April 15, 2015, which, to the extent appealed from as limited by the briefs, denied defendant's application for a downward modification of child support and for sanctions, unanimously affirmed, without costs.

During hearings on financial issues in the course of these prolonged post-divorce child custody and visitation proceedings, the court properly issued an interim child support order, in March 2015, increasing defendant's child support obligation based on her testimony and 2014 W2 income statement showing a substantial increase in income since the issuance of the preceding interim support order providing for nominal support based on defendant's representation that she was unemployed (*see* Domestic Relations Law §§ 240; 236 [B] [9] [b] [2] [i]; Family Ct Act § 451 [3] [a]; *Matter of James B. v Regina D.S.*, 132 AD3d 505 [1st Dept 2015]). In support of the instant motion for a downward modification of the March 2015 order, defendant failed to submit a net worth statement, as required by the matrimonial rules (22 NYCRR 202.16 [k] [2]; *see also Belmore-Gaillard v Gaillard*, 51 AD3d 603 [1st Dept 2008]). Moreover, defendant failed to provide the court with any other evidence demonstrating that the amount of support ordered was inappropriate in light of her earning ability, even considering that she was temporarily disabled from working, or that a reduction to the prior nominal level of child support was warranted or in the child's best interests.

The court properly determined that plaintiff's testimony and evidence submitted in connection with his application for counsel fees did not constitute misrepresentations subject to sanctions (22 NYCRR 130-1.1).

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.